747 P.2d 1324

### David M. BOURGEOIS, Petitioner–Appellant,

v.

### STATE of Idaho, Respondent.

### No. 16832.

Court of Appeals of Idaho.

Dec. 28, 1987.

Petition for Review
Feb. 18, 1988.

Timothy L. Hanson, Boise, for petitioner-appellant.

Jim Jones, Atty. Gen., Timothy D. Wilson, Deputy Atty. Gen., for respondent.

SWANSTROM Judge.

Following a disciplinary hearing, David Bourgeois, an inmate at the Idaho State Correctional Institution (ISCI), received thirty days of disciplinary detention for committing a battery upon a fellow inmate. Bourgeois petitioned for a writ of habeas corpus. He asserted then, as he does now, that his due process rights were violated because the disciplinary hearing officer waited ninety-eight days before filing a written statement setting forth the evidence relied upon and the reasons for the disciplinary action taken. The magistrate denied Bourgeois' petition. The district court affirmed the magistrate's order. Bourgeois has appealed again. Although he has already served the disciplinary detention, Bourgeois asserts that he could still suffer certain collateral consequences from this disciplinary action. He asks us to direct that this "write-up" be expunged from his records at the ISCI. We affirm the district court's order.

In prison disciplinary proceedings, due process requires a written statement of the evidence relied upon and the reasons for the disciplinary action taken. *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). The statement serves two purposes: first, it protects the inmate against collateral consequences based on a misunderstanding of the original proceeding; second, it provides a written record for administrative and judicial review. *Id.* Here, the delayed statement—which has not been challenged as inaccurate—did not transgress the above purposes. The procedural delay has not subjected Bourgeois to any collateral consequences based on misunderstanding. He has not even contended that the sanction imposed was inappropriate or unfair. Nevertheless, Bourgeois asks us, in essence, to expunge his ISCI record as a prophylactic measure to discourage the ISCI from doing the same thing in the future. We decline to do so. After the disciplinary hearing, the officer filed a timely decision which did not contain specific findings but which referred to a correctional officer's report of the battery incident. That decision may have been deficient under the standards of *Wolff*, but there is no indication that the hearing officer was indifferent to the rights of Bourgeois. The deficiencies, if any, were corrected later by the full statement of findings filed ninety-eight days after the hearing. Although we agree that the findings were unduly delayed, we nevertheless conclude that expungment of the battery incident from Bourgeois' institutional record is not warranted.

The decision of the district court, upholding the magistrate's order denying Bourgeois' petition for a writ of habeas corpus, is affirmed.

WALTERS, C.J., and BURNETT, J., concur.